UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MARTIN NORTON, III,<br><br>       Petitioner,<br>v.<br>WILLIAM HUTCHINGSON, et al.,<br><br>       Respondents. | Case No. 2:23-cv-01357-RFB-VCF<br><br>ORDER |

   Petitioner Joseph Martin Norton, III, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus. ECF No. 1-1. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Application to Proceed *In Forma Pauperis* ("IFP"). ECF No. 1. For the reasons discussed below, the Court directs service of the petition, instructs Respondents to respond, and grants Petitioner's IFP Application.

  **I.**  **IFP Application**

   The Court considered Petitioner's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application (ECF No. 1) will therefore be granted.

  **II.**  **Background**

   Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

2      Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). State of Nevada v. Norton, Case No. C-20-350201-1.[2] On February 5, 2021, the state court entered a judgment of conviction for robbery and conspiracy to commit robbery. Petitioner did not file a timely appeal of the judgment of conviction.

    On April 7, 2022, Petitioner filed a state petition for writ of habeas corpus. The state court denied post-conviction relief. Petitioner filed a post-conviction appeal. The Nevada Supreme Court found his petition was procedurally time barred and denied relief on June 13, 2023. On August 31, 2023, Petitioner initiated this federal habeas case. ECF No. 1.

### III. Discussion

    The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. Id. § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. See Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

    The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, an untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

    Here, Petitioner did not file a direct appeal. Thus, his conviction became final when the

---

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

time expired for filing a notice of appeal with the Nevada appellate courts on March 7, 2021. The AEDPA statute of limitations thus began to run the following day and expired 365 days later on March 7, 2022. Although Petitioner filed his state habeas petition on April 7, 2022, it was filed after the expiration of the AEDPA limitations period and thus could not have tolled an already expired deadline. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Because the state petition was not timely under Nevada law, it was not "properly filed" for the purposes of tolling the AEDPA deadline. See Pace, 544 U.S. at 417. Therefore, without another basis for tolling or delayed accrual, the AEDPA deadline expired on March 7, 2022, and Petitioner's federal petition, filed more than one year later, is untimely on its face. Accordingly, Petitioner must show cause why his petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, Petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." Miranda, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. E.g., Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Accord Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Petitioner further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending

to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. See <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013); <u>House v. Bell</u>, 547 U.S. 518 (2006); <u>Lee v. Lampert</u>, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 624, 623 (1998).

IV.  **Conclusion**

**IT IS THEREFORE ORDERED** that Petitioner Joseph Martin Norton, III's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that that Petitioner must show cause in writing within 45 days of the date of entry of this order why this action should not be dismissed as untimely. If Petitioner does not timely respond to this order, the petition may be dismissed with prejudice without further notice. If Petitioner responds but fails to show specific, detailed, and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice. Unsupported assertions of fact will be disregarded.

DATED: <u>December 7, 2023.</u>

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**