**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH MARTIN NORTON, III, | Case No. 2:23-cv-01357-RFB-MDC |
| Petitioner, | |
| v. | **ORDER** |
| WILLIAM HUTCHINGSON, et al., | |
| Respondents. | |

Petitioner Joseph Martin Norton, III, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). The Court ordered Norton to show cause why the petition should not be dismissed as untimely. ECF No. 3. In response, Norton asserted that he should be entitled to equitable tolling because he was transferred and his legal work was lost, damaged, and/or destroyed. ECF No. 4. The Court finds that the claim of equitable tolling would benefit from further briefing. Accordingly, the Court will direct the Clerk of the Court to file Norton's petition (ECF No. 1-1), will direct service of the petition, and a response.

**IT IS THEREFORE ORDERED** that the Clerk of Court add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the notices of electronic filing to the Nevada Attorney General's office only.

The Clerk of Court is further instructed to file Norton's Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered that Respondents have 60 days from the date the petition is electronically served to appear in this action and answer or otherwise respond, including potentially by motion to dismiss, to the petition.

It is further ordered that Norton will have 60 days following service of the answer to file

and serve a reply brief. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. See LR IC 2-2(a)(3)(A).

///

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: April 12, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**