# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSEPH MARTIN NORTON, III,

Petitioner,

v.

WILLIAM HUTCHINGSON, *et al.*,

Respondents.

Case No. 2:23-cv-01357-RFB-MDC

**ORDER**

This habeas matter is before the Court on Petitioner Joseph Martin Norton's Motion to Extend Prison Copy Work Limit (ECF No. 9). Also before the Court is Respondents' Motion to Extend (ECF No. 18).

### I.    Motion to Extend Prison Copy Work Limit

Pursuant to the Nevada Department of Corrections' ("NDOC") administrative regulation 722.01(7)(D), prisoners may "accrue a maximum of $100 debt for copy work expenses for all cases, not per case." Courts may order modest increases to a prisoner's photocopying limit when it is necessary for an inmate to provide copies to the court and other parties. See Gluth v. Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991). Such orders do not provide inmates with *free* copies. Rather, the inmate remains responsible for repaying all the copywork fees he incurs.

Norton's motion seeks an order allowing him permission to exceed the $100 copy credit limit, but it does not state the desired amount of increase or a specific reason that he needs copies. The form motion simply states that he requires copy work services to litigate his petition and he will need copies of all pleadings, motions, and other documents to serve on Respondents. However, the Court's screening order (ECF No. 6) requires counsel for Respondents to file and serve the relevant state court record and exhibits—not the other way around. Thus, pursuant to the Federal Rules of Civil Procedure, Respondents will be serving the vast majority of the documents in this case on Norton. In addition, Norton did not attach any documentation confirming that he has currently exceeded copy credit limit. Although he may need a small credit increase to serve a response to any dispositive motion or reply in support of his petition, the Court is unable to make such determination on the showing made and will not speculate as to

what specific sum is likely to cover his legitimate needs. Thus, Norton has not shown good cause to extend the copy work limit.

## II.      Motion to Extend

Respondents seek an extension of time to file their response to the petition. ECF No. 18. The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.

## III.     Conclusion

**IT IS THEREFORE ORDERED** that Petitioner Joseph Martin Norton's Motion to Extend Prison Copy Work Limit (ECF No. 9) is denied without prejudice.

It is further ordered that Respondents' third unopposed Motion to Extend Time (ECF No. 18) is GRANTED. Respondents have until October 28, 2024, to file their response.

DATED this 7 day of October, 2024.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE