# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

JOSEPH MARTIN NORTON, III,

Petitioner,

v.

WILLIAM HUTCHINGSON, *et al.*,

Respondents.

Case No. 2:23-cv-01357-RFB-MDC

**ORDER**

## I.    INTRODUCTION

Before the Court are Respondents' Motion to Dismiss (ECF No. 26) and Motion to Seal (ECF No. 23). Also before the Court is Petitioner Joseph Martin Norton, III's Motion for Appointment of Counsel (ECF No. 31).

## II.    PROCEDURAL BACKGROUND

Norton challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On February 5, 2021, the state district court entered a judgment of conviction for robbery and conspiracy to commit robbery. The state district court sentenced Norton to a 72-month term, with minimum parole eligibility after 28 months as well as a concurrent term of 180 months, with minimum parole eligibility after 72 months.

Norton did not file a timely appeal of the judgment of conviction. On February 23, 2021, he filed a counseled motion to withdraw guilty plea. See ECF No. 20-21. On November 22, 2021, Norton filed a *pro se* state habeas petition. See ECF No. 21-2. Because he was represented by counsel, the state district court dismissed the state habeas petition filed in November 2021 as a fugitive document. See ECF No. 21-10.

On March 23, 2022, Norton filed a counseled motion to withdraw plea/writ of habeas. See ECF No. 21-15. The state district court found that the motion was procedurally improper and

untimely. See ECF No. 21-24. In the alternative, the state district court held that even construed as a post-conviction petition, it is untimely. See id. at 6-8. In addition, the state district court found that even if Norton's claims were properly raised, they would nonetheless fail because he is not entitled to withdraw his guilty plea. See id. at 8-13. The Nevada Court of Appeals affirmed. See ECF No. 22-23. Nonetheless, the Nevada Court of Appeals noted that Norton filed motions to withdraw guilty plea in February 2021 that were still outstanding, and that the state district court should construe these motions as a postconviction habeas petition.[1] See id. at 2 n.3.

In August 2023, Norton initiated this federal habeas case alleging the following:

Ground 1: In violation of the Sixth Amendment Right to Effective Assistance of Counsel
   A.  Counsel did not investigate evidence regarding an illegal search warrant that produced incriminating evidence.
   B.  Counsel failed to address false statements made by victim.

Ground 2: In violation of the Sixth Amendment right to effective assistance of counsel, post-conviction counsel was ineffective for failing to properly and timely file a post-conviction petition for writ of habeas corpus.

Ground 3: The state district court's dismissal of Norton's *pro se* pleadings was a result of the ineffective assistance of post-conviction counsel in violation of Norton's Sixth Amendment right to effective assistance of counsel and Due Process.

ECF No. 7 at 3-7.

### III.    MOTION TO DISMISS

Respondents assert that Grounds 1A and 1B are barred by Tollett v. Henderson, 411. U.S. 258, 267 (1973). In addition. Respondents move to dismiss Grounds 1A, 1B, and 3 as unexhausted. They further argue that Ground 2 is procedurally defaulted and that Grounds 2 and 3 do not raise cognizable claims.

### A.  Claims of Ineffective Assistance of Postconviction Counsel are Not Cognizable in Federal Habeas Corpus

Respondents move to dismiss Grounds 2 and 3 because they are noncognizable claims of ineffective assistance of postconviction counsel. See ECF No. 26 at 7-8. There is no federal constitutional right to the effective assistance of counsel in state postconviction proceedings. See

---

[1] Even if the state district court has not ruled on the February 2021 motions to withdraw guilty plea, the claims Norton raised in such motions have not been raised in his federal habeas petition. See ECF Nos. 20-18, 20-21.

Pa. v. Finley, 481 U.S. 551, 556–57 (1987). The Supreme Court of the United States has established an equitable exception to the procedural default doctrine based on ineffective assistance of postconviction counsel. See Martinez v. Ryan, 566 U.S. 1, 14 (2012). Nevertheless, there is no freestanding constitutional right to effective assistance of counsel in postconviction proceedings. Accordingly, Grounds 2[2] and 3 are dismissed as noncognizable in federal habeas corpus proceedings.

**B. Whether Grounds 1A and 1B Are Barred Under Tollett**

In Tollett, the United States Supreme Court held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267. A petitioner may only attack the voluntary and intelligent nature of his guilty plea. Id. An exception to this general rule is "that a habeas petitioner may 'attack the voluntary and intelligent character of the guilty plea' based on pre-plea ineffective assistance of counsel 'by showing that the advice he received from counsel was not within the 'range of competence demanded of attorneys in criminal cases.'" Mahrt v. Beard, 849 F.3d 1164, 1170 (9th Cir. 2017) (citing Tollett, 411 U.S. at 267-69). The Mahrt Court clarified that this exception to the Tollett bar is not limited to incompetent advice from counsel and extends to instances in which "the action, or inaction, of counsel prevent[ed] petitioner from making an informed choice whether to plead." Id.

Respondents argue that Grounds 1A and 1B are barred by Tollett. In Ground 1A, Norton alleges counsel rendered ineffective assistance of counsel by failing to investigate evidence regarding an illegal search warrant the produced incriminating evidence. In Ground 1B, he alleges that counsel rendered ineffective assistance of counsel by failing to object to false statements made by the victim. These alleged failures could have arguably prevented Norton "from making an informed choice whether to plead." Id. Therefore, the Court concludes that the grounds for relief alleged in Grounds 1A and 1B are not barred under Tollett. See also Hill v. Lockhart, 474 U.S. 52,

---

[2] Because the Court dismisses Ground 2 as noncognizable in federal habeas corpus proceedings, it need not determine whether Ground 2 should be dismissed because it is procedurally defaulted.

59 (1985) (recognizing that counsel's failure to investigate can prejudice defendant by impacting counsel's recommendation as to a guilty plea).

### C. Whether Grounds 1A, 1B, and 3[3] Are Unexhausted

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. See 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. See Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999)).

To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest level of review available in the state courts. See O'Sullivan, 526 U.S. at 844–45; Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" Woods, 764 F.3d at 1129 (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

"More generally, the Court has held *pro se* pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully pleaded.'" Davis v. Silva, 511 F.3d 1005, 1009 n.4 (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)).

In Grounds 1A and 1B, Norton alleges ineffective assistance of counsel claims. Norton asserts he raised these claims in his November 21, 2021, and January 31, 2022, state habeas petitions. See ECF No. 27 at 3-6. Respondents argue that Grounds 1A and 1B should be dismissed as unexhausted because the claims were raised in fugitive documents filed by Norton while he was represented by counsel. The state district court dismissed the November 21, 2021, petition as a

---

[3] The Court has already dismissed Ground 3 as noncognizable in federal habeas proceedings, so the Court will not determine whether Ground 3 has been exhausted.

fugitive document, as he was represented by counsel. See ECF No. 21-10. Although the state district court did not rule on the January 31, 2022, petition, Norton similarly filed it *pro se* while he was represented by counsel. See ECF No. 21-6.

Even if the Court considered the November 21, 2021, and January 31, 2022, *pro se* petitions, Norton did not present these claims to the state appellate courts. Accordingly, Grounds 1A and 1B are unexhausted. Nevertheless, Norton argues that the only reason that the state appellate courts did not rule on Grounds 1A and 1B are because his postconviction counsel failed to raise these claims. ECF No. 27 at 9.

Generally, an "anticipatory default" determination is not the next step in a federal habeas case arising out of Nevada after it has been determined that the petition contains unexhausted claims. In federal habeas cases arising out of Nevada, the state courts, generally, apply substantially the same standards as do the federal courts in determining whether a petitioner can demonstrate either cause or actual innocence in order to overcome a claimed procedural default. In past cases, this Court has thus rejected efforts by habeas petitioners to claim technical exhaustion by procedural default while at the same time arguing that they nonetheless can establish, *inter alia*, cause and prejudice or actual innocence to overcome the procedural default.

If the petitioner has a potentially viable cause-and-prejudice or actual innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (citation omitted). On the other hand, if petitioner has no potentially viable arguments, then the claim is indeed technically exhausted; but it is also subject to immediate dismissal with prejudice as procedurally defaulted. Accordingly, the Court, generally, does not proceed to cause-and-prejudice analysis as a matter of course following a holding that a claim is unexhausted. Generally, the petitioner must either establish a basis for a stay or dismiss the unexhausted claims.

A different situation, however, is presented where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In Martinez v. Ryan, the Supreme Court created a narrow

exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. See Martinez, 566 U.S. at 16-17. "Under Martinez, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused if state law requires that all claims be brought in the initial collateral review proceeding . . . and if in that proceeding there was no counsel or counsel was ineffective." Ramirez v. Ryan, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing Martinez, 566 U.S. at 17), reversed on other grounds by Shinn v. Ramirez, 596 U.S. 366 (2022). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying Martinez. See Rodney v. Filson, 916 F.3d 1254, 1259–60 (9th Cir. 2019).

Accordingly, a Nevada habeas petitioner who can rely on Martinez, and only Martinez, as a basis for overcoming a state procedural bar on an unexhausted claim can argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts.

If Norton has any argument as to why Grounds 1A and 1B are technically exhausted by procedural default but that the default can be overcome under Martinez, Norton may raise that argument in a supplement to his opposition to Respondents' motion to dismiss in 30 days from the date of entry of this order. Respondents will have 14 days following service of Norton's supplement to file a response. If Norton does not file a supplement presenting an argument as to why Grounds 1A and 1B are technically exhausted by procedural default but that the default can be overcome under Martinez, the Court will grant Respondents' motion to dismiss Norton's petition.

### IV.    MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. See Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336-37 (2007)). Nonetheless, an indigent petitioner may request appointed counsel to pursue habeas relief. See 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice

so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. See La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that this case presents complex issues that warrant the appointment of counsel. As discussed above, Norton must show that Martinez's narrow exception preserves his ineffective assistance of counsel claims. This exception, and its underlying doctrine, are by no means straightforward; instead, they present a cobweb of technical, procedural issues—as demonstrated by this Court's discussion of Martinez. See supra Part III.C. Requiring Petitioner to navigate them by himself would be fundamentally unjust. The Court therefore finds that the interest of justice require the appointment of counsel for Norton.

## V.    MOTION TO SEAL

Respondents seek leave to file two documents under seal within the index of exhibits, Norton's Pre-Sentence Investigation Reports ("PSI"), Exhibit 12 (ECF No. 24-1), dated November 18, 2020; Medical, Exhibit 44 (ECF No. 24-2); and Medical, Exhibit 49 (ECF No. 24-3). Under Nevada law, the PSI is "confidential and must not be made a part of any public record." NEV. REV. STAT. ANN. § 176.156(5) (West 2025).

Having reviewed and considered the matter in accordance with Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Norton's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Exhibits 12, 44 and 49 are considered properly filed under seal.

## VI.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss (ECF No. 26) is **GRANTED** in part. Grounds 2 and 3 are dismissed as noncognizable in federal habeas proceedings.

**IT IS FURTHER ORDERED** that Petitioner has 30 days from entry of this order to file a supplement raising an argument as to why Grounds 1A and 1B are technically exhausted by

procedural default but that the default can be overcome under <u>Martinez</u>. Respondents have 14 days from service of the supplement to file a response.

**IT IS FURTHER ORDERED** that Norton's Motion for Appointment of Counsel (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Seal (ECF No. 23) is **GRANTED**. Exhibits 12, 44, and 49 are considered properly filed under seal.

**DATED:** September 28, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**