**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JOSEPH MARTIN NORTON, III,

        Petitioner,

        v.

WILLIAM HUTCHINGSON, *et al.*,

        Respondents.

Case No. 2:23-cv-01357-RFB-MDC

**ORDER GRANTING LEAVE TO AMEND**

Before the Court is Petitioner Joseph Martin Norton, III's Motion Opposing the Dismissal of Grounds 1A and 1B[1] (ECF No 33), Motion for Leave to File Document (ECF No. 36), and Motion to Vacate Deadline to Supplement Opposition to Motion to Dismiss (ECF No. 38).

## I.    PROCEDURAL BACKGROUND

Norton challenges a conviction and sentence imposed by the Eighth Judicial District Court of the State of Nevada, which sits in Clark County. The state district court entered a judgment of conviction for robbery and conspiracy to commit robbery. The state district court sentenced Norton to a 72-month term, with minimum parole eligibility after 28 months, as well as a concurrent term of 180 months, with minimum parole eligibility after 72 months.

In August 2023, following post-conviction proceedings in state court, Norton initiated this federal habeas case. See Pet. for Writ of Habeas Corpus, ECF No. 7 at 3–7. Respondents moved to dismiss Grounds 1A, 1B, and 3 as unexhausted. In its order partially granting, Respondents' motion to dismiss, the Court granted Norton's motion for appointment of counsel and instructed Norton to file a supplement which explains why Grounds 1A and 1B are technically exhausted.

---

[1] Norton's Motion Opposing the Dismissal of Grounds 1A and 1B was filed prior to counsel for Norton filing her notice of appearance.

See Order 7–8, ECF No. 32 (Sep. 29, 2025). In October 2025, counsel for Norton entered her notice of appearance. See generally Notice of Appearance, ECF No. 35 (Oct. 8, 2025). Norton seeks leave to file a first amended petition in lieu of a supplement to his opposition to the motion to dismiss. See generally Mot. for Leave to File Doc., ECF No. 36 (Oct. 14, 2025); see also generally Mot. to Vacate Deadline for Supp. to Opp. to Mot. to Dismiss, ECF No. 38.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with leave of court, and "[t]he [C]ourt should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). But leave to amend "is not to be granted automatically," and the Court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (citation modified).

Respondents argue that Norton delayed requesting relief to amend until all briefing related to the motion to dismiss was completed. "[D]elay alone[—]no matter how lengthy[—]is an insufficient ground for denial of leave to amend." U.S. v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). Although the Court acknowledges the delay caused by the amendment, such delay does not outweigh Norton's need in this habeas corpus action to assert his claims. Moreover, there is no evidence of bad faith on Norton's part. Moreover, when counsel is appointed to represent a habeas petitioner, leave is granted to file an amended petition as a matter of course. Here, counsel is requesting an opportunity to conduct a full review and investigation of the case before filing an amended petition. The Court sees no reason to depart from the usual practice in habeas corpus cases of allowing amended petitions under these circumstances.

The Court finds that there is good cause to grant Norton's motion to amend. This order does not, however, affect the operation of the statute of limitations in this case, and the Court expresses no opinion whatsoever about when the limitations period expires—or expired. The Court waives the requirement of LR 15-1(a) and instructs Norton to file an amended petition by **July 30,**

**2026.**

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Petitioner's Motion to Vacate Deadline for Supplement to Opposition to Motion to Dismiss (ECF No. 38) is **GRANTED**. The deadline for Petitioner to file this supplement is **VACATED**.

**IT IS FURTHER ORDERED**. Petitioner's Motion for Leave to File Document (ECF No. 36) is **GRANTED**. Petitioner has up to, and including, **July 30, 2026**, to file an amended petition for a writ of habeas corpus.

**IT IS FURTHER ORDERED** that this deadline, and any extension thereof, may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition, or amended petition, filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS FURTHER ORDERED** Respondents must respond to the amended petition within 60 days of being served with the amended petition. In turn, Petitioner may file a reply within 30 days of being served with the responsive pleading. Nonetheless, Local Rule LR 7-2(b) governs the response, and reply, timeline(s) for any motion filed by either party, including motions filed in lieu of a pleading.

**IT IS FURTHER ORDERED** any procedural defenses Respondents intend to raise against the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss shall be deemed waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response to the merits of the amended petition. But arguments that an unexhausted claim clearly lacks merit may be included in a procedural-defense response. If Respondents seek dismissal of unexhausted claims

under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer, and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, all procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, Respondents must specifically cite to, and address, the applicable written decision(s) and/or record materials from state court regarding each claim.

**IT IS FURTHER ORDERED** Respondents must file the state court exhibits relevant to their response in chronological order.

**IT IS FURTHER ORDERED** all state court records, and related exhibits, must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as an "attachment" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits span more than one filing, the base document in each successive filing must either be a copy of the index or a volume cover page. See LR IC 2-2(a)(3)(A).

**IT IS FURTHER ORDERED** that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to Chambers or to the staff attorney, unless later directed by the Court.

Finally, **IT IS FURTHER ORDERED** Petitioner's Motion Opposing the Dismissal of Grounds 1A and 1B (ECF No. 33) is **DENIED** as moot.

**DATED:** May 1, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -